RICHARD R. PATCH (State Bar No. 88049)
ZUZANA S. IKELS (State Bar No. 208671)
JEREMIAH J. BURKE (State Bar No. 253957)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663

Attorneys for Defendant
DISH NETWORK L.L.C.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| JANICE NEULS, and ZEPHYR CULBERTSON ADEE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISH NETWORK L.L.C. and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No. 12-CV-02354-JAM-JFM<br><br>**ORDER GRANTING DEFENDANT DISH NETWORK, L.L.C.'S MOTION TO TRANSFER VENUE TO THE DISTRICT OF COLORADO**<br><br>Judge: Hon. John A. Mendez<br>Date: May 1, 2013<br>Time: 9:30 a.m.<br>Crtrm.: Courtroom 6, 14th floor<br>501 I Street<br>Sacramento, CA 95814 |

This matter came before the Court on the Motion to Transfer Venue to the District of Colorado (the "Motion") filed by Defendant DISH Network L.L.C. ("DISH"). The Court held a hearing on the Motion on May 1, 2013. Nicholas J. Bontrager appeared on behalf of Plaintiffs. Richard R. Patch and Jeremiah J. Burke appeared on behalf of DISH. Having considered the briefs and papers in support of and in opposition to the Motion, and having considered the arguments of counsel at the hearing, the Court GRANTS DISH's Request for Judicial Notice, and the Court GRANTS DISH's motion to transfer venue to the District of Colorado. The Court DENIES Plaintiffs' request to transfer the case to the Northern District of California.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).

The parties agree that the factors to be considered in determining whether a motion to transfer should be granted or denied include: "(1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; and (4) the interests of justice." *DeFazio v. Hollister Employee Share Ownership Trust*, 406 F. Supp. 2d 1085, 1088-89 (E.D. Cal. 2005).  The parties also agree that this action no longer belongs in the Eastern District of California; DISH seeks transfer to the District of Colorado and Plaintiffs seek transfer to the Northern District of California.

Overall, these factors favor transfer to the District of Colorado.  The Court gives little or no weight to Plaintiffs' choice of forum because the Plaintiff who is alleged to reside in this forum, Nancy Iniguez, has been dismissed from this case.  *See* Dkt. Nos. 15, 16.  Although the complaint was amended to add Janice Neuls and Zephyr Culbertson Adee as named Plaintiffs, neither of them are alleged to reside in this forum.  *See* First Amended Complaint (FAC) ¶¶ 2, 6, 20.

The Court finds that the convenience of the parties and witnesses weighs in favor of transfer to the District of Colorado.  The District of Colorado is a more convenient forum for DISH, a company headquartered in Colorado, and all of its likely witnesses reside and work there. Declaration of Shannon Picchione in Support of Motion to Transfer Venue ("Picchione Decl.") ¶¶ 2-6.  Plaintiff Neuls is alleged to reside in Arizona, and Plaintiff Adee is alleged to reside in the Northern District of California, but Plaintiffs did not present the Court with an affidavit or declaration from these named Plaintiffs addressing convenience or inconvenience.  In addition, this action is a putative nationwide class action.  *See* First Am. Compl.  The convenience of the witnesses and parties weighs in favor of transfer to the District of Colorado.

The "interest of justice" factors are either neutral or weigh in favor of transfer.   The Court takes judicial notice of the fact that the median time from filing to trial for civil actions in the District of Colorado is 23.6 months, while, in the Eastern District of California, it is 47.2 months. *See* Dkt. No. 21-4, DISH Request for Judicial Notice Exh. A (Judicial Caseload Profile for the

Eastern District of California, last updated September 2012); Exh. B (Judicial Caseload Profile for the District of Colorado, last updated September 2012).  The parties also agree that the District of Colorado is less congested than the Northern District of California.  Hence, relative court congestion favors transfer to the District of Colorado.

The Court finds that the other relevant "interest of justice" factors are neutral.  There appears to be nothing localized about the controversy between Plaintiffs and DISH: Plaintiffs assert no violation of California law, their action is filed as a putative nationwide class action, and one of the named Plaintiffs is alleged to reside in Arizona.  Also, there is nothing to suggest that either side has engaged in forum shopping is seeking to have the case transferred to either the District of Colorado or the Northern District of Colorado.

On balance, and having carefully weighed the relevant factors, the Court finds that they weigh in favor of transferring this case to the District of Colorado.  Pursuant to 28 U.S.C. § 1404(a), the Court GRANTS DISH's Motion to Transfer, and ORDERS the Clerk of Court to transfer this case to the District of Colorado.

DATED:   May 2, 2013

/s/ John A. Mendez
UNITED STATES DISTRICT COURT JUDGE